UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BERNARD ANDERSON, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SIG SAUER, INC.,<br><br>Defendant, | NO. 1:25-CV-00113-JL-AJ |

**DEFENDANT SIG SAUER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**FACTUAL BACKGROUND**

Sig Sauer, Inc. ("SIG") is a manufacturer of firearms, including the P320, which is a striker-fired, semi-automatic pistol. Compl., ¶¶ 52, 61, 68 ECF No. 1. The P320 is the gun of choice for numerous law enforcement agencies. *Id.* at ¶ 52. Firearms are dangerous weapons which must be handled by users with extreme care and caution, and the accidental discharge of a firearm is a known and inherent risk of gun ownership.

There are thirty-nine Plaintiffs in this action. Twenty-two Plaintiffs (collectively, "Plaintiffs") allege they purchased or were issued a P320 model pistol and that they subsequently experienced an unintended discharge, resulting in injuries. *Id.* ¶¶ 203-370. Twenty-one of those Plaintiffs allege a physical injury. *Id.* However, Plaintiff Yang Lee ("Lee") alleges only "emotional trauma" as a result of the discharge of his pistol. *Id.* ¶ 280. Additionally, the Complaint does not include any information as to how, where or under what circumstances each unintentional discharge occurred. *See* Compl., *generally*. Seventeen additional plaintiffs allege they are the spouse of certain Plaintiffs (collectively, the "Plaintiff-Spouses"). Plaintiffs and Plaintiff-Spouses

reside—and the subject incidents likely occurred—in sixteen states around the country, all outside of New Hampshire. *Id.* ¶¶ 10 - 48.

On March 26, 2025, Plaintiffs filed their Complaint, asserting 61 causes of action, twenty-two for negligence, twenty-two for strict liability and seventeen for loss of consortium. *Id., generally*. SIG now moves to dismiss the Complaint in its entirety because it fails to state a claim as a matter of law. Separately, SIG also moves to dismiss Plaintiff Yang Lee's claims because without a physical injury he cannot maintain his claims for negligence or strict liability.

## ARGUMENT

### A. Standard: Fed. R. Civ. P. 8(a)(2) and 12(b)(6) require more than threadbare allegations

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must include "factual allegations sufficient to 'state a claim to relief that is plausible on its face.'" *Waugh v. Bishop & Buddha, LLC*, No. 24-CV-019-SE, 2025 WL 919895, at *1 (D.N.H. Mar. 26, 2025) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding the motion, a court takes a plaintiff's factual allegations as true but sets aside conclusory statements and legal conclusions. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013). Thus, courts disregard "statements in the complaint that merely offer legal conclusions couched … as fact or threadbare recitals of the elements of the cause of action." *Lemelson v. U.S.*

*Bank Nat'l Ass'n*, 721 F.3d 18, 21 (1st Cir. 2013) (internal quotations omitted). To survive a motion to dismiss, complaints require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *K.B. v. Inter-Cont'l Hotels Corp.*, No. 19-CV-1213-AJ, 2020 WL 8674188, at *1 (D.N.H. Sept. 28, 2020) (*quoting Iqbal,* 556 U.S. at 678).

### B. The Complaint Must be Dismissed Because it Lacks Factual Allegations Necessary to Support the Claims.

While the Complaint is lengthy, it lacks facts about the individual discharge incidents. Plaintiffs fail to plead, with any specificity or particularity, what happened in each of the 22 alleged incidents. Instead, in a mechanical, check the box exercise, each incident is described in almost identical terms. Compl. at ¶¶203 – 370, ECF No. 1. Plaintiffs do not plead necessary facts or circumstances concerning the accidental discharges—the only allegations are that each Plaintiff owned or was issued a pistol, the pistol discharged unintentionally, and the discharge allegedly injured the Plaintiff. *Id.* Many of the allegations are repeated, verbatim, for each Plaintiff.

Among other things, Plaintiffs' complaint does not include: the location of each alleged incident; the circumstances of each alleged incident; the events leading to the alleged incident; how the pistol was being handled in each incident; what activity each Plaintiff was engaged in at the time of their alleged incident; if there were any witnesses to the alleged incident; or what type of holster each of the Plaintiffs were using at the time of their alleged incident. Thus, laid bare, Plaintiffs' Complaint is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *K.B. v. Inter-Cont'l Hotels Corp.*, *supra.*

When compared to the Complaint that Plaintiffs' counsel filed in other actions pending in this courtroom, the lack of facts pled here is patent. *Compare* Compl. ECF No. 1 at ¶¶ 203-370 *with Adams v. Sig Sauer, Inc.*, Case No. 1:25-cv-00058 (ECF No. 1) at ¶¶165 – 175 (tow truck operator driving tow truck with pistol next to center console of tow truck); *Armendariz v. Sig*

3

*Sauer, Inc.*, Case No. 1:22-cv-00536 (ECF No. 28) at ¶¶ 153 – 317 (describing various incidents including when the pistol was being inserted into or removed from a holster (e.g., *id.* ¶¶ 156, 164), when the holstered pistol was being removed from the Plaintiff's person (e.g., *id.* ¶ 172), when the Plaintiff was engaged in a training exercise and shooting the pistol (e.g., *id.* ¶¶ 179, 260), or while the pistol was being carried unsecured in a bag (e.g., *id.* ¶ 206), among other circumstances); *Willis v. Sig Sauer*, Case No. 1:25-cv-00066 (plaintiff was in locker room and was holstering pistol when it allegedly discharged). But here, the incidents are not described with any such detail.

Yet, the facts and circumstances of Plaintiffs' alleged discharges are even more crucial here. No longer are Plaintiffs arguing that their P320 discharged without a trigger pull. Instead, nineteen of the 22 Plaintiffs allege that they did not "**squarely place**" their "finger on the trigger within the trigger guard." Compl., ECF No. 1 at ¶¶ 213, 234, 241, 248, 255, 262, 269, 277, 286, 294, 302, 310, 318, 326, 334, 342, 350, 358, 366. By their own admission 19 of the 22 plaintiffs had their hands on their P320, with their finger not only within the trigger guard but ***on*** the trigger—just not "squarely." This allegation, when combined with the lack of ***any*** facts as to the circumstances under which each pistol allegedly discharged, is fatal to Plaintiffs' claims. A pistol is designed to fire when the trigger is pulled and a gun is not defective when it fires because the trigger is pulled. Thus, as plead, if there was a "condition unreasonably dangerous" in the pistol, such condition was created by the Plaintiffs' actions in contacting the trigger, a violation of a fundamental rule of safe firearms handling, not by the design of the pistol. *See* Compl., ECF No. 1 at ¶¶ 213, 234, 241, 248, 255, 262, 269, 277, 286, 294, 302, 310, 318, 326, 334, 342, 350, 358, 366; *see also* Restatement (Second) of Torts § 402A.

This Court should dismiss the action because the threadbare, mechanical "defendant-unlawfully-harmed-me accusations" is insufficient, as a matter of law, to support Plaintiffs' claims.[1]

**C. The Claims of the Plaintiff-Spouses Must be Dismissed as Derivative.**

The loss of consortium claim of each Plaintiff-Spouse is derivative of the claims of the spouse who allegedly experienced an unintentional discharge. Because these claims are derivative, they must be dismissed with the underlying claims. *Medeiros v. Town of Rindge*, 671 F. Supp. 3d 96, 103 (D.N.H. 2023) ("Because plaintiffs' loss of consortium claim is ancillary to the underlying claims, defendant argues that the claim against it should also be dismissed… the court agrees.") *citing Guilfoy v. United Servs. Auto. Assn.*, 153 N.H. 461, 463, 898 A.2d 502 (2006). Accordingly, Sig Sauer requests that the Plaintiff-Spouses claims for loss of consortium be dismissed because the claims from which they derive should be dismissed.

**D. Plaintiff Yang Lee's Claims Must also be Dismissed**

In addition to dismissing this action on insufficiency and plausibility grounds, this Court should also dismiss Plaintiff Yang Lee's ("Lee") claims for negligence and strict liability—Count XXI and XXII—because he has not alleged a physical injury, which is required for his claims to be cognizable under both New Hampshire and Wisconsin law.[2] As such, and independent of the other grounds for dismissal asserted in SIG's motion, his claims should be dismissed.

---

[1] On May 22, 2025, New Hampshire's Governor signed HB551, which provides that the lack of an optional mechanical safety feature on a firearm, including a tabbed trigger, cannot give rise to liability for product defect against the manufacturer of the firearm. SIG reserves all of its right to argue dismissal based on its enactment. To the extent that Plaintiffs seek to remedy the defects with their pleading through an amendment, it should not be filed in this District. Plaintiffs' theory of liability is no longer cognizable under New Hampshire law.

[2] According to the Complaint, Mr. Lee is a "citizen, and resident of the state of Wisconsin." Compl., ¶ 26, ECF No. 1. Although the complaint fails to provide any details regarding the location

### 1. As a threshold matter, this is no conflict of law and therefore New Hampshire law applies.

A federal court sitting in diversity applies the choice-of-law framework of the forum state—here, New Hampshire. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). "Under New Hampshire choice-of-law principles, when more than one state may have an interest in the suit and the choice involves substantive law, the court must first decide whether relevant New Hampshire law actually conflicts with the laws of the other interested states." *Moore v. Atrium Med. Corp.*, No. 18-CV-10-LM, 2019 WL 4600367, at *2 (D.N.H. Sept. 23, 2019). A conflict exists when the application of the laws of an interested state other than the forum would change the outcome. *Id.*; *see also, Lambert v. Kysar*, 983 F.2d 1110, 1114 (1st Cir. 1993). Here, both New Hampshire and Wisconsin law require physical injury in order to bring claims for negligence and strict liability.

### 2. A plaintiff must have experienced a physical injury to recover in negligence and strict liability. Lee has no such injury.

In addition to failing to plead facts necessary to properly support his claims, Lee's claim of negligence must also be dismissed because he suffered no physical injury as a result of his alleged unintentional discharge. Compl., ECF No. 1, ¶ 279-282. Instead, as Lee alleges "[t]he bullet struck Officer Lee's partner Charles Laskey-Castle." *Id.* Accordingly, Lee alleges only "emotional trauma" and no physical injury. *Id.*

In New Hampshire, it is well settled that "before a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom." *Palmer v. Nan King Rest.*, Inc., 147 N.H. 681, 684 (2002) *quoting Thorpe v. State,* 133 N.H. 299, 306 (1990). Wisconsin courts similarly have "a general reluctance

---

of alleged incident, it presumably occurred in Wisconsin where Mr. Lee resides. Therefore, in determining choice of law, this Court would examine New Hampshire and Wisconsin law.

to impose liability in negligence for economic loss which does not result from bodily harm to claimant." *Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 49 (1980). Lee did not suffer any physical injury (bodily harm) and, therefore, his negligence claim should be dismissed.

Similarly, Lee's claim for strict liability fails under New Hampshire and Wisconsin law, and this Court should dismiss that claim. In assessing strict products liability claims, New Hampshire adopts the Restatement (Second) of Torts § 402A, which states liability for: "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for **physical harm** thereby caused to the ultimate user or consumer, or to his property..." (emphasis added); *see Cohen v. Bos. Sci. Corp.,* 725 F. Supp. 3d 144, 150 (D.N.H. 2024) ("The New Hampshire Supreme Court has adopted section 402A of the Restatement (Second) of Torts, which sets forth the tort of strict liability.").

Wisconsin law does not conflict with this conclusion. Although Wisconsin has codified the Third Restatement of Tort's formulation for strict liability claims under Wis. Stat. Ann. § 895.047, as a practical matter, courts still look to Restatement (Second) § 402A when interpreting the statute. *Burton v. E.I. du Pont de Nemours & Co., Inc.*, 994 F.3d 791, 817 (7th Cir. 2021); *See Murphy v. Columbus McKinnon Corp.*, 2021 WI App 61, ¶ 35 (2021), *aff'd but criticized*, 2022 WI 109, ¶ 35 (2022) ("This is consistent with the approach in the Restatement (Second), to the extent that § 402A requires a plaintiff to prove that the product was both in a defective condition and also unreasonably dangerous.").

Accordingly, dismissal of Lee's claim for strict liability is proper because Lee alleges no "physical harm." Compl. at ¶ 270-282.³ Lee's claims for negligence and strict products liability fail under New Hampshire (and Wisconsin) law and therefore his claims must be dismissed.

Dated:     May 27, 2025

                              By its attorneys,

                              **LITTLETON JOYCE UGHETTA & KELLY LLP**

                              */s/ Christopher A. Monson*
                              Christopher A. Monson
                              NH Bar #274162
                              4 Manhattanville Road, Suite 202
                              Purchase, New York 10577
                              Tel: (914) 417-3416
                              Fax: (914) 417-3401
                              Christopher.Monson@littletonjoyce.com

                              */s/ Kristen E. Dennison*
                              Kristen E. Dennison (*pro hac vice application forthcoming*)
                              2460 N Courtenay Pkwy, Suite 204
                              Merritt Island, Florida 32953
                              Tel:  (321) 574-0280
                              Fax: (321) 574-4054
                              Kristen.Dennison@littletonjoyce.com


                              */s/ Brian Keith Gibson*
                              Brian Keith Gibson (*pro hac vice application forthcoming*)
                              4 Manhattanville Road, Suite 202
                              Purchase, New York 10577
                              Tel: (914) 417-3400
                              Fax: (914) 417-3401
                              Keith.Gibson@littletonjoyce.com

                              *Counsel for Defendant Sig Sauer, Inc.*

---

³ Further, Lee admits he "place[d] his finger on the trigger within the trigger guard" while in the presence of others, thereby admitting that any "condition unreasonably dangerous" was created by the user. Compl. ¶ 280; Restatement (Second) of Torts § 402A.

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 27th day of May 2025.

/s/Christopher A. Monson #274162