UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Bernard Anderson, et al.</u>

      v.         Civil No. 25-cv-113-JL-AJ
           Opinion No. 2025 DNH 084

<u>Sig Sauer, Inc.</u>

## **MEMORANDUM ORDER**

In this consolidated product liability action, the defendant Sig Sauer, Inc. moves to sever and transfer the plaintiffs' claims to their home districts, arguing that the claims are misjoined and improperly brought in this court. It also moves to dismiss the complaint in its entirety for failure to state a claim upon which relief can be granted.

The plaintiffs are 22 owners or users of Sig Sauer's P320 pistol, and 17 spouses, who bring consortium claims. All but one of the user-plaintiffs were allegedly injured by an unintentional discharge of a P320. One of the user-plaintiffs alleges only severe emotional distress as a result of the unintentional discharge of his pistol, which injured a fellow law enforcement officer. The plaintiffs maintain that they did not touch or pull the triggers or otherwise intend to fire their guns, but instead, that the P320's "defective nature" caused the discharge that injured them. None of the plaintiffs reside in New Hampshire, but Sig Sauer is headquartered in this state. Thus, venue is proper in this court, which also has personal jurisdiction over Sig Sauer. *See* 28 U.S.C. § 1391(b)(1). This court also has subject-matter jurisdiction over the plaintiffs' claims under 28 U.S.C. § 1332 (diversity) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

After considering the parties' written submissions and hearing oral argument, the court denies Sig Sauer's motion to sever and transfer, because joinder would promote judicial efficiency by resolving related issues in a single lawsuit. The court grants in part and denies in part its motion to dismiss: it denies the motion to dismiss the complaint as a whole and Plaintiff Yang Lee's negligence claim, but grants the motion to dismiss Lee's strict liability claim. 536

## I. Background

For purposes of this order, the court recites the relevant facts from the plaintiffs' operative complaint, accepts those facts as true, and draws all reasonable inferences from those facts in the plaintiffs' favor. *See Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). The plaintiffs are 22 owners or users of Sig Sauer's P320 pistol, and 17 spouses.[1] The plaintiffs reside in 16 different states. None live in New Hampshire. Each plaintiff suffered injuries after their P320 discharged a bullet without any intentional firing by a shooter. The complaint does not give the location of each alleged incident, stating a nearly identical set of facts for each plaintiff: the experience and firearm training of each plaintiff, whether the P320 had been issued to the plaintiff or purchased for personal use, whether the gun was holstered at the time it discharged, whether the gun

---

[1] Before this court are four other similar lawsuits against Sig Sauer. *See* dockets 1:22-cv-00536-JL (*Armendariz, et al. v. Sig Sauer, Inc.*), 1:25-cv-00058-JL (*Adams v. Sig Sauer, Inc.*), and 1:25-cv-00066-JL (*Willis v. Sig Sauer, Inc.*); 1:25-cv-00026-JL (*Currington v. Sig Sauer, Inc.*). In *Armendariz*, a consolidated case with over 20 plaintiffs, and Currington, a consolidated case with three plaintiffs, the court denied similar motions to sever and transfer. *See Armendariz v. Sig Sauer, Inc.*, No. 1:22-CV-00536-JL, 2023 WL 4204666 (D.N.H. June 27, 2023); *Currington v. Sig Sauer, Inc.*, No. 25-CV-26-JL, 2025 WL 1695427 (D.N.H. June 17, 2025).

user had pressed the trigger or intended for the gun to discharge, and the related injuries from the incident. In the case of one plaintiff, Yang Lee, the bullet from the alleged unintentional discharge struck his partner, and his own alleged injuries are the result of emotional trauma. A second plaintiff, Bernard Anderson, was not the gun user, but was struck by the unintentional discharge of his partner's gun. In 21 of the 22 alleged incidents, the users' pistols were holstered, the users were not "squarely" touching the trigger, did not intend to pull the trigger or otherwise fire the weapon, and did not drop the weapon, causing a so-called "drop fire." *Cf. Ortiz v. Sig Sauer, Inc.*, 448 F. Supp. 3d 89 (D.N.H. March 23, 2020). In one alleged incident, the user-plaintiff's pistol discharged while he was removing it from his holster, but he alleges that he too did not place his finger squarely on the trigger or intentionally discharge the weapon. None of the plaintiffs' P320 pistols featured an external or manual safety.[2]

Sig Sauer designed and manufactured its P320 pistol in, and disseminated its marketing materials from, New Hampshire. In certain such materials, Sig Sauer stated that it has "designed safety elements into every necessary feature on this pistol. From the trigger, to the striker and even the magazine, the P320 won't fire unless you want it to."[3] The court, drawing all inferences in favor of the plaintiffs, assumes that Sig Sauer knew or should have known about alleged design defects in the P320s, which lead to unintended discharges, before the plaintiffs' incidents between 2022 and 2025.

---

[2] Compl. (doc. no. 1) at ¶¶ 7-8, 72.
[3] *Id.* at 12.

Plaintiffs assert claims for negligence, strict product liability, and loss of consortium.

## II. Analysis

### a. Motion to sever and transfer

***Legal standard.*** Fed. R. Civ. P. 20(a)(1) allows for permissive joinder of plaintiffs where a right to relief arises out of "the same transaction, occurrence, or series of transactions or occurrences" and questions of law or fact common to all the plaintiffs. Fed. R. Civ. Proc. 20(a)(1). Because "the joinder rules result in beneficial economies of scale and judicial efficiency by resolving related issues in a single lawsuit…the preconditions for permissive joinder are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties." *Beaulieu v. Concord Grp. Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002) (Muirhead, M.J.) (citing *Pujol v. Shearson/Am. Express Inc.*, 877 F.2d 132, 134 (1st Cir. 1989) and *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Under certain circumstances, the court, in its discretion, may sever misjoined claims, *see* Fed. R. Civ. P. 21, or "order a separate trial of one or more separate issues [or] claims[.]" Fed. R. Civ. P. 42(b). But "[a]s long as the parties meet the test for permissive joinder, courts generally allow joinder unless other considerations such as avoiding prejudice and delay, assuring judicial economy, or safeguarding fundamental fairness counsel otherwise." *Abraham v. Allen Mello Dodge, Inc.*, No. 11- CV-329-JD, 2011 WL 4625686, at *3 (D.N.H. Oct. 3, 2011) (DiClerico, J.).

On a motion to transfer, the factors to be considered by the court include "the interest of justice…the convenience of parties and witnesses…the availability of

documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." *Id.*

*Analysis.* This motion to sever and transfer is, in substance, nearly identical to the motions denied by the court in *Armendariz* and *Currington*, and the court incorporates that analysis here.[4] The defendant raises one new argument: that "HB551," passed by the New Hampshire legislature in May 2025, demonstrates New Hampshire's "clearly articulated position against such claims being cognizable in this state," and that "[the interest of] justice would be served by transferring Plaintiff's claims to their home forums."[5] This argument appears to be an extension of its argument that, in a conflict-of-laws analysis, the claims would likely require adjudication under the laws of the states where the incidents took place. It is premature. The parties appear to disagree about whether the new law would apply to the action, which was filed months before the law passed,[6] and neither party argued that a conflict-of-laws analysis is necessary at this time. The argument does not significantly alter the court's analysis from *Armendariz*, that severing and transferring the cases is unnecessary at this point.

As in *Armendariz*, the court will consider structuring the case schedule with an alternative to a consolidated joint trial in mind, should the parties choose. And as in

---

[4] *See Armendariz*, 2023 WL 4204666 at *2-3; *Currington*, 2025 WL 1695427 at *2-3.
[5] Def.'s Mem. Mot. Sev. Transf. (doc. no. 13-1) at 16.
[6] *See, e.g. id.* at 17; Pl.s' Mem. Obj. Sev. Trans. (doc. no. 16) at 17-18.

*Armendariz*, the defendant's concerns about compelling non-party witness or deposition testimony that is beyond the scope of this court's subpoena power are well taken and will factor into the court's later consideration of whether some alternative to a consolidated trial in this district is warranted. Sig Sauer's motion to sever and transfer is accordingly denied without prejudice to its ability to re-raise similar arguments at a later procedural stage.

   b. **Motion to dismiss**

Sig Sauer seeks to dismiss the complaint in its entirety for failing to provide the "factual allegations necessary to take the claims across the line from conceivable to plausible."[7] It also seeks to dismiss plaintiff Yang Lee's claims for negligence and strict liability because he alleges no direct physical injury as a result of his alleged incident. The plaintiffs bring negligence and strict liability claims. The allegations in the complaint contain minimal facts beyond the plaintiffs' firearm training and experience, whether the gun was holstered or the trigger was intentionally activated during the alleged incidents, and each plaintiff's alleged injuries.

   ***Legal Standard.*** A defendant may move to dismiss for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, a court takes a plaintiff's factual allegations in the complaint as true, and draws all reasonable inferences from those facts in the plaintiffs' favor. *See Forward Air*, 609 F.3d at 2. "The relevant inquiry focuses on the reasonableness of the inference of liability

---

[7] Def.'s Mot. Dismiss (doc. no. 11) at 1.

that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "If the allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," dismissal is appropriate. *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (cleaned up).

  ***Complaint as a whole.*** Sig Sauer does not contend that the plaintiffs failed to meet the specific elements of the claims, namely, negligence, strict liability, and consortium. Instead, the motion to dismiss the complaint as a whole focuses on two major deficiencies: a lack of factual allegations underpinning the claims, and that the plaintiffs' theory of liability is both different from the theory asserted in the other pending cases,[8] and insufficient to make out a claim of negligence or strict liability. The plaintiffs, while acknowledging that the facts about each alleged incident are minimal and based on the short form complaint agreed to by the parties in *Armendariz*, argue that their theory of the case has not changed from the other cases and the facts are sufficient to state cognizable claims. The court agrees (but just barely).

  First, Sig Sauer argues that, in the absence of more facts detailing what happened in each incident, the complaint alleges that the firearms fired when the plaintiffs placed their fingers on the trigger: not a design defect but a "violation of a fundamental rule of safe firearms handling."[9] The plaintiffs clarify in their motion that "the foundational

---

[8] *See* dockets 1:22-cv-00536-JL (*Armendariz, et al. v. Sig Sauer, Inc.*), 1:25-cv-00058-JL (*Adams v. Sig Sauer, Inc.*), and 1:25-cv-00066-JL (*Willis v. Sig Sauer, Inc.*), 1:25-cv-00026-JL (*Currington v. Sig Sauer, Inc.*).
[9] Def.'s Mem. Mot. Dismiss (doc. no. 11-1) at 4.

principle [of their theory] is that the P320's trigger is too easy to depress under any circumstance."[10] This theory is supported by the complaint, which alleges that the P320s were holstered at the time of each alleged incident, and that the users did not intend to activate the triggers. The incidents alleged in the complaint are similar to incidents alleged in other complaints also before the court with the same counsel (*see, e.g.*, *Willis* (pistol discharged while being placed in holster), *Currington* (pistols discharged while in holsters)). The court finds that the claim adequately alleges a theory of liability on which to proceed to discovery.

The court also finds that the facts in the complaint, while minimal, are sufficient for the pleading stage. While more information about each incident, including the location and circumstances of each alleged incident, what activity each plaintiff was engaged in at the time of each alleged incident or what type of holster each of the plaintiffs were using at the time of each alleged incident,[11] would have created a more complete picture of each incident, the complaint still contains sufficient factual allegations to make out claims of strict liability and negligence. The allegations included allow a reasonable inference that Sig Sauer knew or should have known before the plaintiffs' incidents that alleged design defects in the P320 could lead to unintended discharges, that each plaintiff suffered physical injury, and that the firearms in question discharged unintentionally because of an alleged design flaw that allows them to fire in circumstances in which other pistols would not. The factual information is notably

---

[10] Pls.' Mem. Obj. Mot. Dismiss (doc. no. 17-1) at 8.
[11] Def.'s Mem. Mot. Dismiss (doc. no. 11-1) at 3.

similar to the other complaints before the court, in which Sig Sauer did not challenge the negligence claims. The motion to dismiss the complaint as a whole is denied.

**Plaintiff Yang Lee.** Sig Sauer separately moves to dismiss plaintiff Lee's claims because he did not allege a direct physical injury. Lee is a law enforcement officer and was issued his P320 for official use. He alleges that his holstered P320 discharged unintentionally, striking his partner. Officer Lee alleges that he suffered severe emotional distress, manifesting in physical symptoms and harm, including "physical deformity and handicap."[12]

The parties agree that New Hampshire law applies to the negligence claim, but the plaintiff did not address the motion to dismiss Lee's strict liability claim in the briefing.[13]

In negligence, "before a plaintiff can recover damages for emotional distress pursuant to a negligence cause of action, he or she must prove that physical injury resulted therefrom." *Palmer v. Nan King Rest., Inc.*, 147 N.H. 681, 683 (2002) *quoting Thorpe v. State,* 133 N.H. 299, 304 (1990); *see also O'Donnell v. HCA Health Servs. of New Hampshire, Inc.*, 152 N.H. 608, 611 (2005) ("To recover for emotional distress under a traditional negligence theory, we have consistently required plaintiffs to demonstrate physical symptoms of their distress regardless of physical impact."). Plaintiff Lee alleged "physical deformity and handicap" caused by his emotional distress. Although it would have been better to include more specificity in the written complaint,

---

[12] Compl. (doc. no. 1) at ¶¶ 274-82.
[13] *See* Def.'s Mem. Mot. Dismiss (doc. no. 11-1) at 6; Pls.' Mem. Obj. Mot. Dismiss (doc. no. 17-1) at 11.

under these particular circumstances, he has sufficiently pled physical injury to go forward with a claim for emotional distress damages under a negligence theory. The court denies the motion to dismiss Lee's negligence claim.

The New Hampshire Supreme Court has not specifically ruled on the issue of recovery for emotional distress damages on a strict liability theory, and this court has previously found that "the New Hampshire Supreme Court would be unlikely to expand the definition of physical harm to include claims of physical injury caused by emotional distress." *Croteau v. Olin Corp.*, 704 F. Supp. 318, 319 (D.N.H.), *aff'd,* 884 F.2d 45 (1st Cir. 1989). Lee concedes that the court "should dismiss"[14] his strict product liability claim (Count XXII), which is thus dismissed.

### III. Conclusion

For the reasons stated above, the court DENIES the defendant's motion to sever and transfer[15] and GRANTS in part and DENIES in part its motion to dismiss.[16]

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: July 29, 2025

---

[14] Email to Deputy Clerk on July 22, 2025.
[15] Doc. no. 13.
[16] Doc. no. 11 (Lee's strict product liability claim dismissed).