## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **BERNARD ANDERSON et. al.** | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : Case No. 1:25-cv-00113-JL-AJ |
| | : |
| | : |
| **SIG SAUER, INC.** | : |
| | : |
| Defendant | : |
| | : |

## DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"). SIG denies all allegations contained in the Complaint that are not specifically and expressly admitted in this Answer. Subject to the foregoing, SIG answers the Complaint as follows (the paragraphs of this Answer correspond to the paragraphs contained in the Complaint):

1.      SIG denies the allegations contained in this paragraph.

2.      SIG is without sufficient knowledge to either admit or deny Plaintiffs' allegations that they have dedicated a significant portion of their life to the safe use of weapons. SIG denies the remaining allegations contained in this paragraph.

3.      SIG denies the allegations contained in this paragraph as stated. SIG admits only that it is aware that all pistols will discharge if the trigger is pulled regardless of whether the user intends to pull the trigger or not and regardless of whether the trigger is pulled by the user's finger or a foreign object.

4.      SIG denies the allegations contained in this paragraph as stated. SIG only admits that all pistols, including the P320 pistol, carry a risk of discharge where the trigger is

unintentionally actuated regardless of whether the trigger is actuated by a user's finger or a foreign object. Firearms are designed to fire when the trigger is pulled, and a firearm that did not fire when the trigger was pulled would present a serious danger to the user in the event he or she needed to discharge the firearm but could not. SIG denies the remaining allegations in this paragraph.

5.      SIG denies the allegations in this paragraph as stated. SIG admits that all firearms carry an inherent risk of unintentional discharge through trigger actuation, as all firearms are designed to fire when the trigger is pulled. SIG further admits that it conducted an analysis for the Army as part of the Modular Handgun System program, which identified multiple risks of unintended discharges of the P320 pistol and ways to decrease such risks, including the addition of a manual safety. This same analysis would apply to all firearms given the inherent risk of discharge through an unintentional trigger pull. This risk is not unique to the P320 pistol. SIG denies any remaining allegations contained in this paragraph.

6.      SIG admits that many law enforcement agencies and civilians make the affirmative choice to purchase a P320 pistol without a manual safety based on their own personal preferences and/or philosophy of use. SIG further responds that the P320 model pistol is available with an optional manual safety. SIG denies the remaining allegations in this paragraph.

7.      SIG admits that it does not currently offer a tabbed trigger as an option for the P320 model pistol because the P320 pistol is drop safe without a tabbed trigger due to its balanced trigger design. SIG further responds that it initially offered a tabbed trigger option on the P320 pistol, but no customers requested pistols with this option. SIG denies the remaining allegations in this paragraph.

8.      SIG admits that the P320 pistol, like the majority of striker-fired pistols, does not include a grip safety.

9.      SIG denies the allegations contained in this paragraph because the P320 pistol can be purchased with or without a manual safety, at the customer's option. SIG denies the remaining allegations in this paragraph.

## PARTIES[1]

10.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

11.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

12.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

13.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

14.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

15.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

16.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

17.      SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

---

[1] SIG is including the headings used in Plaintiffs' Complaint for ease of reference. SIG expressly denies the truth of any allegations contained in such headings.

18.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

19.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

20.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

21.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

22.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

23.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

24.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

25.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

26.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

27.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

28.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

29.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

30.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

31.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

32.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

33.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

34.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

35.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

36.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

37.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

38.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

39.    SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

40.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

41.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

42.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

43.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

44.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

45.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

46.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

47.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

48.     SIG is without knowledge to either admit or deny the allegations in this paragraph and therefore denies the same.

49.     SIG admits that it is a Delaware corporation with its principal place of business at 72 Pease Boulevard in Newington, New Hampshire 03801.

## JURISDICTION AND VENUE

50.     The allegations contained in this paragraph are questions of law which do not require a response from SIG. SIG respectfully refers all questions of law to the Court. To the extent a response is required, SIG denies the allegations contained therein.

51.     The allegations contained in this paragraph are questions of law which do not require a response from SIG. SIG respectfully refers all questions of law to the Court. To the extent a response is required, SIG denies the allegations contained therein.

## GENERAL ALLEGATIONS

52.     SIG admits the allegations contained in this paragraph.

53.     SIG denies that it was previously known as "SIG SAUERARMS Inc.," but SIG admits it changed its name from SIG Arms, Inc. to SIG Sauer, Inc. in or about October 2007. SIG admits Ron J. Cohen is its CEO. SIG denies any remaining allegations contained in this paragraph.

54.     SIG admits that the P320 model pistol—like all firearms—is designed to fire if the trigger is actuated, whether intentionally or unintentionally. SIG denies that the P320 is capable of firing without full trigger actuation. SIG denies the remaining allegations contained in this paragraph.

55.     SIG admits that it is aware of allegations of negligent discharges involving P320 pistols that were the result of an inadvertent trigger actuation, either by the user's finger or a foreign object. The P320 model pistol does not discharge without trigger actuation and any suggestion to the contrary is false and has not been replicated. Just like every other firearm, the P320 model pistol is designed to fire if the trigger is actuated. Multiple courts across the country have dismissed —with prejudice—similar claims by individuals who alleged their P320 model pistols fired

without trigger actuation because such claims were unsupported and could not be replicated. SIG denies the remaining allegations contained in this paragraph.

56.     SIG admits that law enforcement officers and former military personnel have claimed they experienced unintended discharges involving unintentional trigger actuations. SIG denies the remaining allegations contained in this paragraph.

57.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

58.     This paragraph does not contain allegations to which a response is required. To the extent a response to this paragraph is required, SIG denies all allegations contained therein.

59.     SIG responds that the language quoted in this paragraph is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself. SIG denies the remaining allegations contained in this paragraph.

60.     SIG denies that the P320 pistol can discharge without a trigger actuation and further denies that the weapon lacks industry-standard features. SIG further responds that all firearms are designed to fire if the trigger is actuated, whether the trigger actuation is intentional or unintentional. SIG denies all allegations contained in this paragraph.

61.     SIG denies the allegations contained in this paragraph. Specifically, SIG denies that the P320 pistol is defective due to the lack of external safety features, and SIG denies that the P320 pistol can discharge without full trigger actuation. Like all firearms, the P320 pistol is designed to fire if the trigger is actuated, whether intentionally or unintentionally. SIG offers the P320 pistol with an optional manual thumb safety for those customers who desire that feature. Plaintiff's

reference to a tabbed trigger safety is irrelevant, as that feature is designed to protect against drop fires in firearms with an unbalanced trigger design. The P320 model pistol does not require a tabbed trigger safety to prevent drop fires. SIG admits that it has multiple, redundant internal safeties the prevent the pistol from firing unless the trigger is actuated. SIG denies any remaining allegations contained in this paragraph.

62.    SIG admits that the P320 model pistol was first shipped to customers in Spring 2014. SIG further admits that the P320 model pistol has never been recalled but denies any recall is necessary. SIG denies any remaining allegations contained in this paragraph.

63.    SIG responds that the language quoted in this paragraph is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself. The P320 model pistol is equipped with all necessary safety features, including multiple redundant internal safeties that prevent it from firing without trigger actuation. SIG specifically denies that the P320 can fire without trigger actuation. Just like every other firearm, the P320 is designed to fire when the trigger is actuated.

64.    SIG admits that law enforcement agencies and some private citizens carry their firearms with a round in the chamber despite SIG's clear and unambiguous warning against such a practice. SIG denies the remaining allegations contained in this paragraph.

65.    SIG denies the allegations in this paragraph as stated. SIG admits that it has provided information about how many rounds can be in a pistol, including the magazine and a round in the chamber, but SIG denies that it endorses firearms being carried – when not in use – in this manner. By way of further response, SIG warns in its product manual that a user should not load a round into the chamber until he or she is ready to use the pistol:

**1.0 SAFETY WARNINGS - Continued**

Do not load a round into the chamber until you are ready to use the pistol. If your firearm is equipped with a manual safety, keep the safety ON and your finger off the trigger until you are ready to fire. Always move the safety to its intended position and visually check it. The safety is not ON unless it is completely ON.

SIG denies any remaining allegations contained in this paragraph.

66.    SIG admits that the "+1" designation refers to a round in the chamber in connection with information about magazine capacity, but SIG denies any allegation that this information suggests an endorsement by SIG of users carrying their pistol with a round in the chamber when not in use. SIG denies any remaining allegations contained in this paragraph.

67.    SIG admits that law enforcement agencies and private citizens carry their firearms with a round in the chamber despite SIG's clear and unambiguous warning against such a practice. SIG denies the remaining allegations contained in this paragraph.

68.    SIG admits only that the P320 is the first striker-fired pistol designed and manufactured by SIG. SIG responds that the information contained in footnote 1 generally describes how a striker-fired pistol operates versus a hammer-fired pistol. SIG denies the reference comparing a striker-fired pistol to a "bow and arrow." SIG denies that the P320 lacks any critical safety features and states that Plaintiffs' reference to a tabbed trigger safety in footnote 1 is irrelevant because that feature is designed to protect against drop fires in firearms with an unbalanced trigger design. The P320 model pistol does not require a tabbed trigger safety to prevent drop fires. SIG admits that it has multiple, redundant internal safeties the prevent the pistol from firing unless the trigger is actuated. SIG denies the remaining allegations contained in this paragraph.

69.     SIG admits that the frame of the P320 is based on the prior P250 model firearm. SIG specifically denies any allegation suggesting the fire control unit of the P320 is similar to the fire control unit of the P250. The P320 is a striker fired pistol design, whereas the P250 was a hammer fired pistol design. SIG denies any remaining allegations contained in this paragraph.

70.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and the M18 Modular Handgun System, as its new service weapon, with the contract being awarded to SIG in January 2017. SIG further admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies the remaining allegations contained in this paragraph.

71.     SIG admits that an external manual safety was required by the U.S. Army as part of its Modular Handgun System and that all pistols submitted to the Army from all manufacturers were required to be equipped with external manual safeties as originally submitted. Thus, the allegations in this paragraph are demonstrably false. Even Glock – which does not sell its handguns with external manual safeties as even an option – was required to equip its pistols with manual safeties for consideration by the Army. The Army's desire for the inclusion of an external manual safety on all of the pistols it fields for its personnel is an example of a consumer's philosophy of use dictating the specific features desired on a firearm. SIG denies any remaining allegations contained in this paragraph.

72.     SIG denies the allegations contained in this paragraph to the extent it is nonsensical as there are numerous plaintiffs, and it is unclear which plaintiff is being referred to in this paragraph. SIG specifically denies the allegation that the P320 is not offered with an external safety because the P320 pistol is available with or without an external manual safety, at the customer's preference. Furthermore, some Plaintiffs in this action were not the owner of the subject P320

pistol and, therefore, did not make *any decision* regarding the features desired in the subject pistol. Instead, the purchaser of the subject pistol made the affirmative decision to purchase a P320 pistol without a manual safety based on their own preferences and philosophy of use. SIG denies any remaining allegations contained in this paragraph.

73.    SIG admits that an external manual safety was technologically feasible and was, in fact, an available option for purchase on the P320 pistol. SIG denies the remaining allegations contained in this paragraph.

74.    SIG denies the allegations contained in this paragraph to the extent it is nonsensical as there are numerous plaintiffs and, therefore numerous "subject pistol[s]" and it is unclear which pistol is being referred to in this paragraph. SIG denies the allegations contained in this paragraph as stated. SIG further responds that the P320 meets and exceeds all relevant safety standards. SIG further responds that the P320 pistol contains multiple safety components which have been confirmed through rigorous testing to prevent the P320 pistol from firing without trigger actuation.

75.    SIG denies the allegations contained in this paragraph. There are other striker-fired pistols on the market with no external safety as that term has been defined by Plaintiffs in their complaint. Moreover, the P320 pistol is available for purchase with an external manual safety as an optional feature.

76.    SIG denies the allegations contained in this paragraph. There are other similarly designed striker-fired pistols on the market with no external safety as that term has been defined by Plaintiffs in their complaint. Moreover, the P320 pistol is available for purchase with a manual safety as an optional feature. SIG denies any remaining allegations contained in this paragraph.

77.    SIG denies the allegations contained in this paragraph. There are other similarly designed striker-fired pistols on the market with no external safety as that term has been defined by Plaintiffs in their complaint. SIG denies any remaining allegations contained in this paragraph.

78.    SIG denies the allegations contained in this paragraph. The P320 model pistol is a striker-fired pistol or hybrid-action, not a traditional single-action pistol. There are other striker-fired pistols on the market with no external safety as that term has been defined by Plaintiffs in their complaint. Moreover, the P320 pistol is available for purchase with an external manual safety as an optional feature. SIG denies any remaining allegations contained in this paragraph.

79.    SIG responds that the language quoted in this paragraph is incomplete and not put into context. To the extent Plaintiff is making allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself. SIG denies any remaining allegations contained in this paragraph.

80.    SIG denies the allegations contained in this paragraph as stated. SIG admits that it has the ability to design a tabbed trigger for the P320. In fact, when the P320 was first introduced to the market, customers could request a P320 equipped with a tabbed trigger to the extent they desired one. However, no customer ever requested a tabbed trigger be included with their P320 pistol and, therefore, SIG discontinued offering this feature as an option on the P320. Moreover, the P320 does not require a tabbed trigger to comply with drop test standards and, because a tabbed trigger is designed to prevent drop fires in pistols with an unbalanced trigger design and the P320 contains a balanced trigger design, a tabbed trigger is not a necessary feature on the P320 pistol. SIG denies any remaining allegations contained in this paragraph.

81. SIG denies the allegations contained in this paragraph and contained within footnote 2. SIG further responds that the P320 pistol contains multiple safety components which have been confirmed through rigorous testing to prevent the P320 pistol from firing without trigger actuation.

82. The allegations in this paragraph are conclusions of law to which no response is required. SIG specifically denies that the P320 model pistol was defective in its design or unreasonably dangerous. To the extent a response is required, SIG denies any remaining allegations contained in this paragraph.

83. SIG denies the allegations contained in this paragraph and subparagraphs a.) and b.). SIG specifically denies that the P320 model pistol was defective in its design or unreasonably dangerous.

84. SIG admits that all firearms carry an inherent risk of unintentional discharge through trigger actuation, as all firearms are designed to fire when the trigger is pulled. SIG further admits that the Failure Modes and Criticality Analysis conducted for the Army as part of the Modular Handgun System program identified multiple risks of unintended discharges of the P320 pistol and ways to decrease such risks, including the addition of an external manual safety. This same analysis would apply to all firearms given the inherent risk of discharge through an unintentional trigger pull. The risks identified in the FMECA are not unique to the P320 pistol. SIG denies any remaining allegations contained in this paragraph.

85. SIG denies the allegations contained in this paragraph.

86. SIG admits that it conducted a formal FMECA as part of its contract with the United States Army under the Modular Handgun System project. SIG denies the remaining allegations contained in this paragraph.

87.    SIG admits that the purpose of an FMECA is to evaluate potential safety risks associated with the product being evaluated. SIG denies that any risks identified in the FMECA it prepared for the Army were unique to the P320 pistol; rather, the risks identified are applicable to firearms generally and would have been the same for whatever pistol the Army selected and required to undergo the FMECA. This analysis is not unique to the P320 pistol. SIG denies any remaining allegations contained in this paragraph.

88.    SIG responds that the FMECA identifies multiple risks, including risks related to unintentional discharges and associated with the operation of any firearm, but it denies that these risks are unique to the P320 pistol. SIG denies the remaining allegations contained in this paragraph.

89.    SIG admits that among the risks included in an FMECA for firearms is the risk of unintended trigger actuation by a foreign object. Like all firearms, the P320 pistol is designed to fire if the trigger is actuated, whether intentionally or unintentionally. This risk is not unique to the P320 pistol. SIG denies the remaining allegations contained in this paragraph.

90.    SIG admits that a person can be killed as the result of an unintentional discharge of a firearm. This risk is not unique to the P320 pistol, but rather, it is inherent in any firearm. SIG denies the remaining allegations contained in this paragraph.

91.    SIG admits that it received reports of unintentional discharges in 2016 where a user allowed the trigger on his or her pistol to be pulled. This is a risk inherent with any firearm and has been experienced by all firearms on the market. SIG denies any remaining allegations contained in this paragraph.

92.    SIG admits that it allows customers to select the features most suitable for their desired use of the P320 pistol, including the decision as to what external features a user desires to

include on his or her pistol. SIG offers the P320 pistol for sale with an optional external manual thumb safety but does not require purchasers to select that option on their pistols. For example, many law enforcement agencies make the affirmative decision to equip their officers with firearms that do not contain an external manual safety on the basis that such a feature – which requires the user to remember to disengage the safety during a life-or-death situation where the officer needs to quickly utilize his or her pistol – can present a safety hazard if the user forgets or is unable to disengage the safety while engaged in a high-stress situation. As a result, SIG allows its users to select the features that are most suitable to their needs in using a firearm. SIG denies any remaining allegations contained in this paragraph.

93.     SIG admits that it allows customers to select the features most suitable for their desired use of the P320 pistol. SIG offers the P320 pistol for sale with an optional external manual thumb safety but does not require purchasers to select that option on their pistols. SIG denies the P320 pistol's design presents an unreasonable risk of unintended discharges. Rather, like all firearms, the P320 pistol is designed to fire when the trigger is pulled, whether intentionally or unintentionally. SIG denies the remaining allegations contained in this paragraph.

94.     SIG admits that it is aware of a negligent discharge involving a firearm in which the trooper was criminally convicted after it was found that he pointed the firearm at another trooper and actuated the trigger without verifying the firearm was unloaded. Furthermore, upon information and belief, the incident described in this paragraph did not involve a P320 model pistol. SIG denies the remaining allegations contained in this paragraph.

95.     The allegations contained in this paragraph lack sufficient specificity to permit a meaningful response and, as such, SIG denies them. Upon information and belief, the incident described in this paragraph, to the extent true, did not involve a P320 model pistol.

96.    SIG admits that it was made aware of an incident involving a Roscommon County Sheriff's deputy whose P320 model pistol discharged as he was exiting his vehicle. SIG further responds that the Roscommon County Sheriff's Office's investigation concluded that the pistol discharged as the result of a seatbelt buckle becoming entangled in the trigger guard area of the deputy's pistol, causing the trigger to be activated. SIG denies that the pistol at issue can be seen on the bodycam video, and SIG denies any remaining allegations contained in this paragraph.

97.    SIG admits that it is aware of alleged incidents of negligent discharges in Surprise, AZ in 2016, but SIG denies that those discharges occurred without a trigger actuation as alleged in this paragraph. SIG denies any remaining allegations contained in this paragraph.

98.    SIG admits that it is aware of an alleged incident that occurred in October 2016 in South Carolina involving Mr. Frankenberry where he was carrying his P320 pistol unsecured (i.e., without a holster) in the waistband of his pants as he used the restroom. SIG denies that the subject P320 pistol discharged in that incident without a trigger actuation. SIG further avers that this case was dismissed after Officer Thomas Frankenberry could not support a viable theory of defect after the court precluded his expert from testifying for being unqualified and offering unreliable opinions. SIG denies any remaining allegations contained in this paragraph.

99.    SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged following an overnight shift. SIG further responds that the investigation into that incident determined that the officer inadvertently actuated the trigger as he was attempting to unload the pistol. SIG denies any remaining allegations contained in this paragraph.

100.    SIG admits that it is aware of an incident where the deputy was testing the trigger actuation of his firearm, it discharged, and he was criminally charged. Furthermore, upon

information and belief, the incident described in this paragraph did not involve a P320 model pistol. SIG denies any remaining allegations contained in this paragraph.

101.    SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in this paragraph.

102.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged this paragraph but denies any remaining allegations.

103.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in this paragraph but denies any remaining allegations.

104.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in this paragraph but denies any remaining allegations.

105.    SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action. SIG denies any remaining allegations contained in this paragraph and footnote 3.

106.    SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in this paragraph, but denies any remaining allegations.

107.    SIG admits that a Connecticut police officer filed a lawsuit alleging that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in this paragraph.

108.    SIG admits that there had been no drop-related P320 incidents in the U.S. commercial market that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect. SIG denies any allegations related to the statement contained in this

paragraph because the statement speaks for itself. SIG denies any remaining allegations contained in this paragraph.

109.    SIG denies the allegations contained in this paragraph.

110.    SIG admits that it announced the P320 upgrade program on August 8, 2017. The language quoted in this paragraph is incomplete and not put into context. SIG further responds that the referenced document, in its full and complete version, speaks for itself. SIG denies any remaining allegations contained in this paragraph.

111.    SIG denies any allegations related to the statement contained in this paragraph, as the statement speaks for itself. SIG further states that industry standards apply to the design and manufacture of firearms and the P320 model pistol has consistently satisfied the relevant industry standards for abusive handling, including drop fire, in place at the time the pistols were manufactured. SIG denies any remaining allegations contained in this paragraph.

112.    SIG admits that the Consumer Product Safety Commission does not have jurisdiction over the regulation of firearms. SIG denies the remaining allegations contained in this paragraph as stated. SIG further states that industry standards apply to the design and manufacture of firearms and the P320 model pistol has consistently satisfied the relevant industry standards for abusive handling, including drop fire, in place at the time the pistols were manufactured. SIG denies any remaining allegations contained in this paragraph.

113.    SIG denies the allegations contained in this paragraph. SIG further responds that detailed information regarding the upgrade program and the reasons for implementing the program are available on SIG's website at: https://www.sigsauer.com/p320-voluntary-upgrade-program.

114.    SIG admits that it is aware of an order allegedly issued by the Chief of Police as alleged in this paragraph, but SIG denies any remaining allegations.

115.    SIG admits that it is aware of a negligent discharge incident involving a P320 pistol where the officer reportedly fell onto his pistol while pursuing a suspect. SIG denies that the P320 pistol involved in that incident discharged without trigger actuation and denies any remaining allegations.

116.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117.    SIG admits that Tyler Herman of McCloud, Oklahoma alleged he was injured when he inadvertently actuated the trigger on his P320 pistol as he was trying to remove his holstered firearm from his jeans. On June 13, 2025, the Tenth District Court of Appeals affirmed the trial court's granting of summary judgment in SIG's favor on Mr. Herman's claims. SIG denies the remaining allegations contained in this paragraph.

118.    SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she inadvertently actuated the trigger on her P320 pistol as she was trying to remove her holstered firearm from her belt while seated in her department-issued vehicle. SIG admits that Deputy Vadnais's P320 pistol was CT-scanned and that the scan confirmed the internal safeties of the pistol were in their proper engagement and were operating as designed. SIG admits that there were misaligned sear springs in the Vadnais pistol, but denies that these could have played any role in allowing the pistol to discharge without a trigger pull. SIG denies the remaining allegations contained in this paragraph.

119.    SIG admits that it has sent supplemental information to customers reminding them of the continued availability of its voluntary upgrade program. SIG further admits that the P320 model pistol has never been recalled. SIG denies any remaining allegations contained in this paragraph.

120.    SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph but denies any remaining allegations.

121.    SIG admits that it is aware of an incident as alleged in this paragraph, which involved an intentional trigger actuation but denies the characterization of the incident included in this paragraph. SIG denies any remaining allegations contained in this paragraph.

122.    SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol. SIG further responds that following an internal investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be actuated. SIG denies any remaining allegations contained in this paragraph.

123.    SIG denies knowledge of any incident involving Letrell Hayes as alleged in this paragraph and denies any contention that the P320 can fire without trigger actuation. SIG has insufficient knowledge or information to form a belief regarding the injuries, if any suffered by officer Hayes.

124.    SIG admits that Stephen Mayes was injured when he inadvertently actuated the trigger on his P320 pistol as he was trying to remove his pistol from its holster while doing speed drills. SIG denies any remaining allegations contained in this paragraph.

125.    SIG admits that it was made aware of an alleged discharge incident involving Mr. Lang but denies that the P320 pistol at issue discharged without a trigger actuation. SIG denies any remaining allegations contained in this paragraph.

126.    SIG admits that it was notified of an alleged negligent discharge involving Lieutenant Ahern (which did not result in any physical injury) as alleged in this paragraph but

denies that the P320 pistol at issue discharged without a trigger actuation. SIG denies any remaining allegations contained in this paragraph.

127.    SIG admits that it was notified of an alleged negligent discharge involving Lieutenant Ahern (which did not result in any physical injury) as alleged in this paragraph but denies that the P320 pistol at issue discharged without a trigger actuation. SIG states that armorer training is not relevant to proper gun handling. SIG further responds that the document quoted in footnote 4 is a writing which speaks for itself, and any characterization thereof is denied. SIG denies any remaining allegations contained in this paragraph.

128.    SIG denies the allegations contained in this paragraph as stated. Upon information and belief, the Somerville Police Department investigated the referenced negligent discharge incident and determined that the subject P320 pistol was unsecured inside a gym bag and while it was being carried, something inside the gym bag caused the trigger to be actuated. Mr. Collette filed a motion to voluntarily dismiss his lawsuit against SIG with prejudice after his retained expert conceded that the only way the P320 pistol will fire is through trigger actuation. SIG had a motion for summary judgment pending at the time Mr. Collette filed his motion. SIG denies any remaining allegations contained in this paragraph.

129.    SIG admits that it was notified of an alleged discharge involving a Philadelphia transit officer, which did not result in any injury, as alleged in this paragraph but denies that the P320 pistol at issue discharged without a trigger actuation. SIG denies that any video of the incident shows the P320 pistol involved. SIG denies any remaining allegations contained in this paragraph.

130.    SIG admits that it was notified of an alleged discharge involving a Philadelphia transit officer, which did not result in any injury, as alleged in this paragraph but denies that the

P320 pistol at issue discharged without a trigger actuation. SIG denies that any video of the incident shows the P320 pistol involved. SIG further states that the quote attributed to the officer, if reduced to writing, is a writing which speaks for itself, and any characterization thereof is denied. SIG denies any remaining allegations contained in this paragraph.

131.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph, but SIG denies that the P320 pistol could have discharged without a trigger actuation.

132.    SIG admits that it was notified of an alleged negligent discharge involving Jacques Desrosiers when he tried to shove an unsecured loaded pistol into his waistband with one hand while carrying multiple objects in the other hand. SIG denies that Officer Desrosiers' pistol fired without the trigger being pulled. Mr. Desrosiers claims proceeded to a jury trial in July 2025, where the jury returned a unanimous verdict finding that Mr. Desrosiers knew the trigger pull characteristics of his P320 pistol and proceeded unreasonably in shoving his loaded pistol into his waistband. SIG denies any remaining allegations contained in this paragraph.

133.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

134.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

135.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

136.    SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy but denies that any instances involved a P320 pistol discharging without the trigger being actuated. SIG denies any remaining allegations contained in this paragraph.

137.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

138.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

139.    SIG admits that it was notified of an alleged negligent discharge involving Officer Northrop as alleged in this paragraph, but denies the remaining allegations contained in this paragraph. SIG further responds that the Tampa Police Department investigated Officer Northrop's incident and determined that the incident resulted from Officer Northrop's negligent handling of the firearm, which caused the trigger to be inadvertently actuated.

140.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

141.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

142.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

143.    SIG denies the characterization of Mr. Abrahams' discharge as alleged. SIG denies the remaining allegations contained in this paragraph.

144.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

145.    SIG admits that it is aware of an alleged negligent discharge involving Agent Halase as alleged in this paragraph but denies the remaining allegations. SIG further responds that shortly after the incident, upon information and belief, Agent Halase told investigators from the Milwaukee Police Department that he believed his clothing got caught in the trigger of his pistol as he was holstering it causing the firearm to discharge.

146.    SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph based upon the minimal information provided, but SIG denies that the P320 pistol could have discharged without the trigger being actuated.

147.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

148.    SIG denies the allegations contained in this paragraph.

149.    SIG admits that it was made aware of a negligent discharge incident involving ICE Officer Catherine Chargualaf that occurred at the Tennessee Wildlife Resources Agency on December 8, 2020, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG further denies any remaining allegations contained in this paragraph.

150.    SIG admits that it is aware of an alleged negligent discharge involving Timothy Davis as alleged in this paragraph but denies the remaining allegations. By way of further response,

an eyewitness recently testified under oath that he saw Mr. Davis intentionally pull the trigger of his P320, causing the discharge at issue, during a heated domestic dispute with his then-wife.

151.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

152.    SIG admits that it was made aware of a negligent discharge incident involving Special Agent Amy Hendel that occurred at a firing range in Cottage Grove, Minnesota on May 12, 2021, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

153.    SIG admits that it has been notified of an alleged negligent described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

154.    SIG admits that it was notified of an alleged negligent discharge involving Officer Colwell as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

155.    SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

156.    SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

157.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

158.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

159.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

160.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

161.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph, but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

162.     SIG admits that it was notified of an alleged negligent discharge as alleged in this paragraph involving Ms. Doffeny but SIG denies that the P320 pistol could have discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

163.     SIG admits that Ms. Doffeny's incident was captured on surveillance video, but SIG denies that the video shows the subject pistol or that it supports the assertion that the subject pistol discharged without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

164.    SIG admits that it is aware of the alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

165.    SIG admits that it is aware of the alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

166.    SIG admits that Officer Thatcher's incident was captured on surveillance video by the Honesdale Police Department. SIG further responds that the video confirms that something, upon information and belief a seatbelt, interacted with the trigger area of Officer Thatcher's pistol, causing the trigger to be actuated as he stood and exited his vehicle. SIG denies any remaining allegations contained in this paragraph.

167.    SIG admits that the Honesdale Police Department filed a claim in small claims court against SIG relating to the return of certain firearms and related equipment. Upon information and belief, that claim was settled by the distributor who sold the subject pistols to the Honesdale Police Department. SIG did not contribute to any settlement, nor did it issue any refund with regards to the subject P320 pistol or any P320 pistols sold to the Honesdale Police Department. SIG denies any remaining allegations contained in this paragraph.

168.    SIG admits that it is aware of the alleged negligent discharge as described in this paragraph, but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

169.    SIG admits that it is aware of the alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

170.     SIG admits that it is aware of the alleged negligent discharge involving Officer Reyes as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

171.     SIG admits that Officer Reyes's incident was captured on surveillance camera, but denies that the video shows whether anything interacted with the trigger causing the pistol to fire. SIG further denies that the P320 pistol is capable of firing without trigger actuation. SIG denies any remaining allegations in this paragraph.

172.     SIG admits that it is aware of the alleged negligent discharge as described in this paragraph, but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph. By way of further response, Mr. Breedon told law enforcement that he thought the trigger was pulled by a button on his suit jacket after he removed the pistol from its holster to show a co-worker while standing in the co-worker's office.

173.     SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

174.     SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

175.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

176.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

177.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

178.    SIG admits that it has been notified of an alleged negligent discharge involving Mr. Clegg as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

179.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

180.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

181.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

182.    SIG admits that it has been notified of an alleged negligent discharge involving Officer Laskey-Castle and Officer Yang Lee (who is a plaintiff in the above-captioned action), as described in this paragraph but denies the incident occurred without full trigger actuation and further denies any liability is owed to either officer. SIG denies any remaining allegations contained in this paragraph.

183.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

184.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

185.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

186.    SIG admits that it is aware of the alleged negligent discharge as described in this paragraph, but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph. SIG further responds that Mr. Higgins testified that if the trigger on his pistol were pulled, even inadvertently, the incident would be the result of user error and not any defect or malfunction of the firearm.

187.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

188.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

189.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

190.    SIG admits that it has been notified of an alleged negligent discharge involving Michael Lingo as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

191.    SIG admits that it has been notified of an alleged negligent discharge involving Officer Hernandez as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

192.    SIG admits that it has been notified of an alleged negligent discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

193.    SIG admits that the Oklahoma Highway Patrol has documented multiple incidents where a foreign object caused the trigger on an officer's P320 pistol to be actuated and the gun to fire. SIG denies that any of these incidents occurred without trigger actuation. SIG denies any remaining allegations contained in this paragraph.

194.    SIG denies the allegations contained in this paragraph.

195.    SIG denies the allegations contained in this paragraph.

196.    SIG admits that it has been notified of an alleged accidental discharge involving Officer Currington as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies the remaining allegations contained in this paragraph.

197.    SIG admits that it has been notified of an alleged accidental discharge as described in this paragraph but denies the incident occurred without full trigger actuation. SIG denies any remaining allegations contained in this paragraph.

198.    SIG admits that it is aware of other alleged negligent discharges of P320 pistols where the user unintentionally pulled the trigger or caused the trigger to be pulled by a foreign object. SIG denies that the P320 pistol is capable of discharging without a trigger pull and, therefore, any P320 pistols that discharged did so only through trigger actuation. SIG denies any remaining allegations contained in this paragraph.

199.   SIG admits that it is aware of alleged negligent discharges of P320 pistols where the user unintentionally pulled the trigger or caused the trigger to be pulled by a foreign object. Like all firearms, the P320 pistol is designed to fire when the trigger is pulled, whether intentionally or unintentionally. SIG denies that the P320 pistol is capable of discharging without a trigger pull and, therefore, any P320 pistols that discharged did so only through trigger actuation. SIG denies any remaining allegations contained in this paragraph.

200.   SIG admits that it is aware of negligent discharge incidents involving a P320 pistol where fatal injuries were sustained, but SIG denies that any such incident occurred without the trigger on the pistol involved being pulled. All firearms are capable of causing serious or fatal injuries. This is not a risk, or occurrence, unique to the P320 pistol. SIG denies any remaining allegations contained in this paragraph.

201.   SIG denies the allegations contained in this paragraph as stated.

202.   SIG admits that the P320 model pistol has never been recalled, but SIG denies that the P320 model pistol is defective or needs to be recalled. SIG further denies that it puts profits above the health and safety of its users. Rather, the P320 model pistol is among the most heavily tested pistols on the market and is relied upon by millions of military members, law enforcement officers and civilians worldwide. SIG denies any remaining allegations contained in this paragraph.

## PLAINTIFFS' INCIDENTS

### Bernard Anderson

203.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

33

204.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

205.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

206.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

207.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

208.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

209.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Andrew Bielston</u>**

210.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

211.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

212.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

213.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

214.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

215.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

216.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Joshua Brent**

217.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

218.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

219.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

220.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

221.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

222.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

223.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Mark Cunard**

224.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

225. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

226. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

227. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

228. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

229. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

230. SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Daniel Davis</u>**

231. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

232. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

233. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

234. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

235. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

236.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

237.   SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

## Randall Farrior Jr.

238.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

239.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

240.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

241.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

242.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

243.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

244.   SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

## Alberto Flores

245.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

246.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

247.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

248.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

249.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

250.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

251.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Dennis Hall</u>**

252.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

253.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

254.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

255.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

256.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

257.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

258.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

## Anthony Johnson

259.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

260.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

261.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

262.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

263.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

264.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

265.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

## Kyle Knickerbocker

266.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

267.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

268.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

269.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

270.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

271.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

272.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

273.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Yang Lee**

274.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

275.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

276.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

277.     SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

278.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

279.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

280.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

281.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

282.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Kelly McDaniel**

283.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

284.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

285.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

286.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

287.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

288.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

289.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

290.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Thomas McMillan**

291.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

292.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

293.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

294.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

295.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

296.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

297.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

298.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Joel Navarro**

299.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

300.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

301.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

302.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

303.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

304.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

305.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

306.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Vincent Panico**

307.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

308.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

309.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

310.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

311.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

312.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

313.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

314.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Andrew Parisio</u>**

315.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

316.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

317.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

318.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

319.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

44

320.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

321.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

322.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Elona Presson**

323.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

324.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

325.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

326.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

327.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

328.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

329.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

330.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Gregory Rochelle</u>**

331.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

332.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

333.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

334.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

335.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

336.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

337.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

338.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Bryan Scott-Williams</u>**

339.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

340.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

341.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

342.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

343.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

344.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

345.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

346.   SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**<u>Robert Sheffield</u>**

347.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

348.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

349.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

350.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

351.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

352.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

353.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

354.   SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Gary Sovereign**

355.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

356.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

357.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

358.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

359.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

360.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

361.   SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

362.   SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

**Gustavo Tudon Jr.**

363.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

364.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

365.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

366.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

367.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

368.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

369.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

370.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT I - NEGLIGENCE
### BERNARD ANDERSON V. SIG SAUER

371.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

372.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any

such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

373.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

374.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

375.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

376.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

377.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

378.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

379.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT II- STRICT PRODUCT LIABILITY
### BERNARD ANDERSON V. SIG SAUER

380.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

381.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

382.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

383.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

384.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

385.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

386.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT III - NEGLIGENCE
### ANDREW BIELSTEN V. SIG SAUER

387.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

388.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

389.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

390.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

391.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

392.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

393.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

394.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

395.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT IV- STRICT PRODUCT LIABILITY
### ANDREW BIELSTEN V. SIG SAUER

396.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

397.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

398.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

399.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

400.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

401.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

402.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT V - NEGLIGENCE
### JOSHUA BRENT V. SIG SAUER

403.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

404.     SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

405.     SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

406.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

407.     SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

408.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

409.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

410.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

411.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT VI- STRICT PRODUCT LIABILITY
### JOSHUA BRENT V. SIG SAUER

412.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

413.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

414.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

415.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

416.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

417.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

418.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT VII - NEGLIGENCE
### MARK CUNARD V. SIG SAUER

419.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

420.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any

such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

421.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

422.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

423.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

424.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

425.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

426.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

427.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT VIII- STRICT PRODUCT LIABILITY
### MARK CUNARD V. SIG SAUER

428.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

429.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

430.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

431.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

432.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

433.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

434.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT IX - NEGLIGENCE
### DANIEL DAVIS V. SIG SAUER

435.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

436.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

437.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

438.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

439.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

440.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

441.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

442.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

443.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT X- STRICT PRODUCT LIABILITY
### DANIEL DAVIS V. SIG SAUER

444.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

445.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

446.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

447.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

448.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

449.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

450.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XI - NEGLIGENCE
### RANDALL FARRIOR JR. V. SIG SAUER

451.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

452.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

453.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

454.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

455.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

456.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

457.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

458.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

459.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**AS AND FOR AN ANSWER TO COUNT XII- STRICT PRODUCT LIABILITY**
**RANDALL FARRIOR JR. V. SIG SAUER**

460.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

461.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

462.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

463.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

464.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

465.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

466.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**AS AND FOR AN ANSWER TO COUNT XIII - NEGLIGENCE**
**ALBERTO FLORES V. SIG SAUER**

467.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

468.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

469.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

470.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

471.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

472.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

473.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

474.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

475.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XIV- STRICT PRODUCT LIABILITY
### ALBERTO FLORES V. SIG SAUER

476.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

477.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

478.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

479.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

480.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

481.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

482.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XV - NEGLIGENCE
### DENNIS HALL V. SIG SAUER

483.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

484.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

485.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

486.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

487.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

488.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

489.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

490.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

491.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## **AS AND FOR AN ANSWER TO COUNT XVI- STRICT PRODUCT LIABILITY**
### **DENNIS HALL V. SIG SAUER**

492.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

493.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

494.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

495.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

496.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

497.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

498.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## **AS AND FOR AN ANSWER TO COUNT XVII - NEGLIGENCE**
### **ANTHONY JOHNSON V. SIG SAUER**

499.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

500.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

501.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

502.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

503.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

504.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

505.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

506.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

507.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**AS AND FOR AN ANSWER TO COUNT XVIII- STRICT PRODUCT LIABILITY**
**ANTHONY JOHNSON V. SIG SAUER**

508.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

509.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

510.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

511.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

512.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

513.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

514.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

**AS AND FOR AN ANSWER TO COUNT XIX - NEGLIGENCE**
**KYLE KNICKERBOCKER V. SIG SAUER**

515.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

516.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

517.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

518.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

519.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

520.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

521.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

522.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

523.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XX- STRICT PRODUCT LIABILITY
## KYLE KNICKERBOCKER V. SIG SAUER

524.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

525.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

526.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

527.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

528.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

529.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

530.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXI - NEGLIGENCE
## YANG LEE V. SIG SAUER

531.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

532.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

533.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

534.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

535.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

536.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

537.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

538.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

539.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXII- STRICT PRODUCT LIABILITY
### YANG LEE V. SIG SAUER

540.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

541.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

542.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

543.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

544.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

545.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

546.    SIG states that on July 29, 2025, this Court entered an order dismissing this claim and, therefore that no response to the allegations contained in this paragraph is required. (Doc. # 28).

**WHEREFORE**, Defendant SIG Sauer, Inc. states that this Count XXII in Plaintiffs' Complaint was dismissed by the Court on July 29, 2025. (Doc. # 28).

## AS AND FOR AN ANSWER TO COUNT XXII - NEGLIGENCE
## KELLY MCDANIEL V. SIG SAUER

547.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

548.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

549.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

550.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

551.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

552.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

553.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

554.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

555.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXIV- STRICT PRODUCT LIABILITY
### KELLY MCDANIEL V. SIG SAUER

556.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

557.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

558.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

559.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

560.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

561.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

562.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXV - NEGLIGENCE
### THOMAS MCMILLAN V. SIG SAUER

563.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

564.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

565.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

566.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

567.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

568.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

569.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

570.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

571.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXVI- STRICT PRODUCT LIABILITY
### THOMAS MCMILLAN V. SIG SAUER

572.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

573.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

574.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

575.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

576.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

577.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

578.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXVII - NEGLIGENCE
### JOEL NAVARRO V. SIG SAUER

579.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

580.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

581.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

582.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

583.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

584.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

585.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

586.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

587.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXVIII- STRICT PRODUCT LIABILITY
### JOEL NAVARRO V. SIG SAUER

588.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

589.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

590.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

591.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

592.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

593.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

594.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXIX - NEGLIGENCE
### VINCENT PANICO V. SIG SAUER

595.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

596.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

597.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

598.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

599.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

600.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

601.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

602.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

603.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXX- STRICT PRODUCT LIABILITY
### VINCENT PANICO V. SIG SAUER

604.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

605.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

606.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

607.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

608.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

609.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

610.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXI - NEGLIGENCE
### ANDREW PARISIO V. SIG SAUER

611.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

612.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

613.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

614.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

615.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

616.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

617.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

618.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

619.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXII- STRICT PRODUCT LIABILITY
### ANDREW PARISIO V. SIG SAUER

620.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

621.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

622.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

623.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

624.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

625.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

626.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXIII - NEGLIGENCE
### ELONA PRESSON V. SIG SAUER

627.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

628.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

629.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

630.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

631.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

632.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

633.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

634.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

635.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXIV- STRICT PRODUCT LIABILITY
### ELONA PRESSON V. SIG SAUER

636.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

637.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

638.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

639.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

640.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

641.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

642.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXV - NEGLIGENCE
### GREGORY ROCHELLE V. SIG SAUER

643.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

644.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

645.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

646.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

647.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

648.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

649.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

650.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

651.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXVI- STRICT PRODUCT LIABILITY
## GREGORY ROCHELLE V. SIG SAUER

652.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

653.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

654.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

655.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

656.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

657.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

658.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXVII - NEGLIGENCE
### BRYAN SCOTT-WILLIAMS V. SIG SAUER

659.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

660.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

661.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

662.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

663.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

664.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

665.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

666.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

667.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXVIII- STRICT PRODUCT LIABILITY
### BRYAN SCOTT-WILLIAMS V. SIG SAUER

668.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

669.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

670.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

671.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

672.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

673.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

674.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XXXIX - NEGLIGENCE
### ROBERT SHEFFIELD V. SIG SAUER

675.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

676.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

677.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

678.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

679.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

680.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

681.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

682.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

683.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XL - STRICT PRODUCT LIABILITY
### ROBERT SHEFFIELD V. SIG SAUER

684.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

685.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

686.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

687.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

688.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

689.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

690.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLI - NEGLIGENCE
## GARY SOVEREIGN V. SIG SAUER

691.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

692.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

693.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

694.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

695.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

696.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

697.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

698.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

699.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLII- STRICT PRODUCT LIABILITY
### GARY SOVEREIGN V. SIG SAUER

700.     SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

701.     SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

702.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

703.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

704.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

705.     SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

706.     SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLII - NEGLIGENCE
## GUSTAVO TUDON JR. V. SIG SAUER

707.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

708.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

709.    SIG admits that certain duties are owed with respect to the design, manufacture, and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties. SIG denies any remaining allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

710.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

711.    SIG denies the allegations contained in this paragraph and in subparagraphs (i) through (xii) and respectfully refers all questions of law to this Honorable Court.

712.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

713.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

714.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

715.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLIV- STRICT PRODUCT LIABILITY
### GUSTAVO TUDON JR. V. SIG SAUER

716.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

717.    SIG denies the allegations contained this paragraph and in subparts a-d, and respectfully refers all questions of law to this Honorable Court.

718.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

719.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

720.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

721.    SIG denies the allegations contained in this paragraph and respectfully refers all questions of law to this Honorable Court.

722.    SIG denies the allegations contained in this paragraph and SIG specifically denies that it is liable to Plaintiffs in any way or for any amount.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

### AS AND FOR AN ANSWER TO COUNT XLV- LOSS OF CONSORTIUM
### ASHTON TRAWINSKI V. SIG SAUER

723.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

724.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

725.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

### AS AND FOR AN ANSWER TO COUNT XLVI- LOSS OF CONSORTIUM
### JUSTINE BRENT V. SIG SAUER

726.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

727.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

728.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLVII- LOSS OF CONSORTIUM
### LESLEY GEORGE-DAVIS V. SIG SAUER

729.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

730.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

731.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLVII- LOSS OF CONSORTIUM
### ALICE FARRIOR V. SIG SAUER

732.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

733.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

734.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT XLIX- LOSS OF CONSORTIUM
### MARIA FLORES V. SIG SAUER

735.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

736.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

737.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT L- LOSS OF CONSORTIUM
### NANCY JOHNSON V. SIG SAUER

738.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

739.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

740.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LI- LOSS OF CONSORTIUM
### KATY ALEMAN V. SIG SAUER

741. SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

742. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

743. SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LII- LOSS OF CONSORTIUM
### SUSAN MCMILLAN V. SIG SAUER

744. SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

745. SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

746. SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LIII- LOSS OF CONSORTIUM
### MARY NAVARRO V. SIG SAUER

747.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

748.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

749.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LIV- LOSS OF CONSORTIUM
### LANA PANICO V. SIG SAUER

750.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

751.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

752.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LV- LOSS OF CONSORTIUM
## BILLEE JO PARISIO V. SIG SAUER

753.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

754.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

755.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LVI- LOSS OF CONSORTIUM
## JAMES MANZO V. SIG SAUER

756.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

757.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

758.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## <u>AS AND FOR AN ANSWER TO COUNT LVII- LOSS OF CONSORTIUM</u>
### <u>CAROL ROCHELLE V. SIG SAUER</u>

759.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

760.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

761.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## <u>AS AND FOR AN ANSWER TO COUNT LVIII- LOSS OF CONSORTIUM</u>
### <u>KERRIE DONHAM V. SIG SAUER</u>

762.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

763.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

764.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LIX- LOSS OF CONSORTIUM
### MICHELLE SHEFFIELD V. SIG SAUER

765.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

766.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

767.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

## AS AND FOR AN ANSWER TO COUNT LX- LOSS OF CONSORTIUM
### DANIELLE SOVEREIGN V. SIG SAUER

768.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

769.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

770.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

### AS AND FOR AN ANSWER TO COUNT LXI- LOSS OF CONSORTIUM
### REGINA ACUÑA V. SIG SAUER

771.    SIG repeats, reiterates, and realleges each and every response contained in this pleading as though fully set forth herein.

772.    SIG is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore denies the same.

773.    SIG is without sufficient knowledge to either admit or deny the allegations regarding any loss or damages sustained by the spouse of the Plaintiff as a result of the Plaintiff's injuries, but SIG denies that it is liable for any such loss or damage. SIG denies any remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant SIG Sauer, Inc. demands judgment in its favor and against Plaintiffs together with all costs and attorney's fees.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Sig Sauer, Inc., by counsel, respectfully requests that nothing be taken by way of Plaintiffs' Complaint, that judgment be entered in SIG's favor, and for all other relief as is just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to state a claim)**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Alteration/Improper Use)**

SIG has no control over the maintenance, handling, or use of its products. SIG further states that if there was any defect or deficiency to a product manufactured by SIG, at the time of the incident alleged, such defect or deficiency did not relate to the original design, manufacture or sale

of the product or of any problems undertaken by SIG, but on the contrary, the result is of other acts or omissions on the part of others for whom SIG is not responsible including negligent or faulty maintenance, handling, use, or alteration.

### THIRD AFFIRMATIVE DEFENSE
**(Written Warnings)**

No warnings or instructions were required because any claimed danger would be apparent to an ordinary user. However, SIG provided written warnings against the particular uses, misuses, or abuses by the Plaintiffs of the firearms that are the subject of the Complaint. The warnings and instructions were sufficient to inform an ordinary user of the risk of harm. The risk of harm was one that an ordinary user would reasonably expect.

### FOURTH AFFIRMATIVE DEFENSE
**(Negligence of Others)**

The occurrence, injuries and damages claimed by Plaintiffs were proximately caused by the acts, omissions, fault, and/or negligence of Plaintiffs and/or other third parties over whom SIG had no right to control.

### FIFTH AFFIRMATIVE DEFENSE
**(Contributory Negligence)**

Plaintiffs were each the sole proximate cause of the occurrence, injuries and damages claimed by each Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE
**(Superseding/Intervening Cause)**

SIG will show that any injury was due to and proximately caused and occasioned by the intervening and/or superseding cause, negligence and/or recklessness of a party or parties other than SIG. Such intervening and/or superseding cause, negligence and/or recklessness was/were the sole and proximate cause of the injuries sustained by Plaintiff, and therefore, Plaintiff cannot recover against SIG.

### SEVENTH AFFIRMATIVE DEFENSE
### (Pre-existing condition)

Any disability, disfigurement or injury claims alleged by each Plaintiff are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any act of negligence on the part of SIG.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims and damages may be limited, in whole or in part, by their failure to mitigate damages. Plaintiffs failed to follow a proper post-operative care protocol and/or sought and underwent contra-indicated post-operative medical care and treatment that caused, aggravated, and/or exacerbated their alleged injuries and damages.

### NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiffs assumed the risk of the injuries and damages claimed as a result of the events set forth in the Complaint and their assumption of risk bars or reduces their recovery on all non-negligence claims.

### TENTH AFFIRMATIVE DEFENSE
### (Setoff)

SIG invokes its right to a reduction in any dollar verdict which may be rendered in this case by credit for payments made to the Plaintiffs by other persons or entities, or by percentage reductions to which SIG would be entitled as a result of a jury finding against Plaintiffs or parties other than SIG. SIG reserves its right to submit issues against parties, including the Plaintiffs, and other parties who may be absent from this case at the time the case is submitted to the jury.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Compliance with Government Standards)

The subject firearms and all component parts complied with all federal, state, and local codes, government and industry standards, regulations, specifications and statutes regarding the manufacture, sale, and use of the product at all times pertinent to this action.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse/Abuse)

Plaintiffs are not entitled to recover, or their damages may be reduced proportionally, to the extent any alleged damages or injuries were caused by the misuse, abuse, failure to properly maintain or care for the products at issue herein, or substantial modification of the products.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiffs cannot recover herein against SIG because the design, manufacture, packaging, warning and labeling of the products described in Plaintiffs' Complaint were in conformity with the generally recognized state of the art, practice, custom, and knowledge at the time such product was designed, manufactured, packaged and labeled.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Negligence)

Plaintiffs' own negligence proximately caused the injuries complained of herein. In this regard, and generally, SIG hereby invokes the doctrine of contributory/comparative negligence, which reduces any recovery by Plaintiffs proportionately to the fault attributed to Plaintiffs.

## FIFTEENTH AFFIRMATIVE  DEFENSE
### (No Duty to Plaintiff)

SIG denies that it owed a duty to Plaintiffs as alleged; however, if it is determined that SIG owed Plaintiffs a duty, SIG denies that the duty was breached. SIG was not negligent and acted with reasonable care under the facts and circumstances of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitation.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Not Unreasonably Dangerous)

Plaintiffs' recovery is barred, diminished or reduced to the extent that the dangers, if any, associated with the product referenced in Plaintiffs' Complaint, were not unreasonable, were known by the Plaintiffs, constituted commonly or generally known dangers, were open or obvious, and because Plaintiffs were knowledgeable users of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Plaintiffs' claims and alleged damages are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards and damages, caps on recovery, setoffs, and apportionment.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Government Contractor Defense)

Plaintiffs' claims are barred because SIG supplied the P320 in question pursuant to government specifications that specifically required firearms without an external safety.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No right to punitive damages)

There is no basis in law or fact for the imposition of punitive damages with respect to Plaintiffs' claims against SIG. There is no clear and convincing evidence that SIG was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiffs are not entitled to recover punitive damages in any sum whatsoever.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Optional Equipment Doctrine)

Plaintiffs' claims are barred by the optional equipment doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Second Amendment)

Plaintiffs' claims are barred by the Second Amendment to the U.S. Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (PLCAA)

Plaintiffs' claims are barred by the Protection of Lawful Commerce in Arms Act (PLCAA).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Right to Amend)

SIG reserves the right to amend its answer and plead additional or more specific affirmative defenses as warranted by the facts determined through the conclusion of the discovery process.

## JURY DEMAND

SIG hereby demands a jury trial in accordance with Fed. R. Civ. P. 38.

**WHEREFORE,** having fully answered Plaintiffs' Complaint, Sig Sauer, Inc., respectfully requests this Court to enter its Order:

A.    Dismissing Plaintiffs' Complaint with prejudice;

B.    Awarding SIG its costs and fees, including attorney fees, incurred in defending this action; and

C.    Awarding SIG such other relief as this Court deems just and proper.

August 11, 2025

By its attorneys,

**LITTLETON JOYCE UGHETTA & KELLY LLP**

*/s/ Christopher A. Monson*

Christopher A. Monson
NH Bar #274162
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: (914) 417-3416
Fax: (914) 417-3401
Christopher.Monson@littletonjoyce.com

*/s/ Kristen E. Dennison*

Kristen E. Dennison (*pro hac vice*)
2460 N Courtenay Pkwy, Suite 204
Merritt Island, Florida 32953
Tel:  (321) 574-0280
Fax: (321) 574-4054
Kristen.Dennison@littletonjoyce.com

*/s/ Brian Keith Gibson*

Brian Keith Gibson (*pro hac vice*)
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: (914) 417-3400
Fax: (914) 417-3401
Keith.Gibson@littletonjoyce.com

*Counsel for Defendant Sig Sauer, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a true and correct paper copy of the foregoing will be sent those indicated as non-registered participants via first class mail, postage prepaid on this the 11th day of August 2025.

<u>/s/Christopher A. Monson #274162</u>