**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| BERNARD ANDERSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIG SAUER, INC., <br><br> Defendant. | Civil Action No.: 1:25-cv-00113-JL-AJ |

**JOINT DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** August 22, 2025 via telephone.

**COUNSEL PRESENT/REPRESENTING:**

Robert W. Zimmerman, Esq. for Plaintiffs

Keith Gibson, Esq. for Defendant Sig Sauer, Inc.

**CASE SUMMARY**

**THEORY OF LIABILITY AS STATED BY PLAINTIFFS:**

The immediate action, comprised of 22 plaintiffs who were each injured by the Sig Sauer P320, is premised on the theory that the Sig Sauer P320 pistol is a defective product. The defect alleged is the same across all P320 pistols. Plaintiffs' Amended Complaint alleges two causes of action for each plaintiff - Strict Products Liability and Negligence.

Plaintiffs allege the P320 is defective because it is unreasonably susceptible to unintended discharges due to the trigger pull length, single action nature of its design, and absence of an external safety. Upon information and belief, the P320 was the only single-action firearm to be commercially produced without any external safety to prevent the trigger from depressing when the user does not intend for it to do so at the time of its design. A manual thumb safety was not offered on the vast majority of P320 models. A tabbed trigger is not available on any Sig Sauers' P320 models. Plaintiffs alleged the product is additionally defective due to its lack of warnings about the characteristics of the pistol's single action design and its susceptibility to unintendedly discharge. Finally, Plaintiffs allege the product is additionally defective insofar as it does not require a full trigger pull to fire.

Plaintiffs allege Sig Sauer was negligent due to Sig Sauers' failure to use care in the design and distribution of the P320, an unreasonably dangerous product, and for failing to warn users, *inter alia*, of the susceptibility to unintendedly discharge.

**THEORY OF DEFENSE AS STATED BY SIG SAUER:**

Sig Sauer contends the P320 model pistol that is the subject of each individual plaintiff's claims is not defective. Multiple, redundant internal safeties prevent the pistol from firing without the trigger being pulled or actuated. As a result, the only way the P320 pistol could have discharged is through full actuation of the trigger by the user's finger or other body part, or a foreign object. Plaintiffs do not claim their P320 pistols discharged without the trigger being pulled. As a result, the subject incidents occurred due to Plaintiffs' handling of their pistols, which allowed the trigger to be contacted and pulled by either their fingers or a foreign object.

Moreover, since 2016, the P320 model pistol was available for purchase with a manual safety which locks the trigger and prevents it from being pulled – intentionally or inadvertently – by the user. Upon information and belief, none of the plaintiffs selected a P320 pistol equipped with a manual safety even though that was an available option on most, if not all of the P320 pistols at issue in this lawsuit.

**DAMAGES:**

Plaintiffs each allege that they sustained physical and/or psychological injuries due to the unintended discharge of their P320 as outlined in the Complaint. Plaintiffs allege economic damages for wage loss, loss of earning potential, and past and future medical expenses, along with noneconomic damages.

**JURISDICTIONAL QUESTIONS:** None.

**QUESTIONS OF LAW:** Sig Sauer filed a motion seeking to sever the claims and transfer them back to the district court encompassing the plaintiff's home address for trial. Sig Sauer argued that the unique factual circumstances and applicable law would make consolidated trials in this court unworkable and unduly burdensome for the jury, the court, and the parties. Plaintiff opposed this motion, and the Court denied the motion without prejudice to re-filing following the completion of discovery.

**TYPE OF TRIAL:** Jury

## SCHEDULE

**TRACK ASSIGNMENT:** COMPLEX – 24 MONTHS

**TRIAL DATE:** At the Court's convenience, subject to a proposed bellwether process discussed below. As outlined above, Sig Sauer contends that each individual plaintiff's claims should be severed and transferred to the district court encompassing the plaintiff's home address for trial.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** None known currently.

**AMEDMENT OF PLEADINGS:**

Plaintiffs:  October 14, 2025

Defendant:  November 14, 2025

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiffs:  October 14, 2025

Defendant:  November 14, 2025

**THIRD-PARTY ACTIONS:**  January 16, 2026

**MOTIONS TO DISMISS:**  December 19, 2025

**Supplementations under Rule 26(e) due:** May 29, 2027

**COMPLETION OF FACT DISCOVERY:**  October 30, 2026

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiffs:  January 29, 2027

Defendant:  April 30, 2027

**COMPLETION OF EXPERT DISCOVERY:**  June 30, 2027

**MOTIONS FOR SUMMARY JUDGMENT:**  August 27, 2027

**CHALLENGES TO EXPERT TESTIMONY:**  August 27, 2027

**RENEWED MOTIONS TO SEVER AND TRANSFER:**  October 29, 2027

## DISCOVERY

**DISCOVERY NEEDED:**

Plaintiffs:
Plaintiff will conduct discovery not limited to: (A) the design, manufacturing and testing of the P320 from 2014 to present; (B) the scope of the distribution of the P320, including number and locations of sales, warranty claims, and reports of defects and malfunctions; (C) other similar incidents of unintended discharges; (D) inspection of physical evidence of pistols and holsters; (E) discovery related to Plaintiffs' theories of liability and damages; (F) individual Plaintiff's damages.

Defendant:

As to each individual plaintiff, Sig Sauer will need to conduct discovery on the occurrence of the subject incident, the investigation conducted into the incident, and the plaintiff's injuries and claimed damages. Sig Sauer's expert will need to inspect the physical evidence as to each incident, including the pistol, any holster, and any other physical evidence. Sig Sauer may also require an independent medical examination of certain plaintiffs depending on their claimed injuries. Finally, expert discovery regarding each plaintiff's damages as well as the theory of defect and causation will be required.

**INTERROGATORIES:** The parties will conduct discovery pursuant to the Federal Rules of Civil Procedure, including any limitations on the number of interrogatories included in the Rules. To the extent either party believes limitations on discovery are needed, that will be raised with the Court in the future.

**REQUESTS FOR ADMISSION:** The parties will conduct discovery pursuant to the Federal Rules of Civil Procedure, including any limitations on the number of interrogatories included in the Rules. To the extent either party believes limitations on discovery are needed, that will be raised with the Court in the future.

**REQUESTS FOR PRODUCTION:** The parties will conduct discovery pursuant to the Federal Rules of Civil Procedure, including any limitations on the number of interrogatories included in the Rules. To the extent either party believes limitations on discovery are needed, that will be raised with the Court in the future.

**DEPOSITIONS:** The parties agree to limit depositions to those reasonably necessary to their claims or defenses. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC DISCOVERY:** The parties do anticipate exchanging electronic discovery with the information produced in common formats (.pdf, .jpeg, etc.). Counsel for plaintiffs and national counsel for Sig Sauer have engaged in discovery in several other actions and have not had any issues with the format of electronic discovery produced in those cases.

The parties anticipate filing an Assented Motion for a Protective Order regarding the confidentiality of information produced during discovery.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties will abide by Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information, irrespective of the format the information is produced in. The parties further agree that such inadvertent production of any privileged materials will not waive a party's claim of privilege provided the party claiming privilege takes reasonable steps to rectify the error, including complying with the requirements of Fed. R. Civ. P. 26(b)(5)(B).

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** Potential settlement cannot be evaluated until after the parties complete expert discovery regarding Plaintiffs' theories of defect and causation.

**JOINT STATEMENT RE MEDIATION:** The parties will notify the Court whether mediation will occur following the exchange of expert reports and depositions of the parties' liability experts.

**TRIAL ESTIMATE:** 10 days for each individual trial (assuming a single plaintiff trial).

**WITNESS AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:** The parties believe that discovery should proceed with respect to the claims of six (6) bellwether plaintiffs to be randomly selected by the Court. This process would be similar to the process used in the *Armendariz, et al. v. Sig Sauer* matter currently pending before Your Honor. Given the smaller number of plaintiffs included in this consolidated action, the parties are requesting the Court select six bellwether plaintiffs for full discovery rather than ten as were selected in the *Armendariz* matter.

******     ******     ******

                                Respectfully submitted,
                                Sig Sauer, Inc.

                                By Its Attorneys,
                                SULLOWAY & HOLLIS, PLLC

Date: August 26, 2025                    By: /s/ Kevin M. O'Shea
                                Kevin M. O'Shea, Esquire
                                N.H. Bar No. 15812
                                9 Capitol Street
                                Concord, NH 03301
                                (603) 223-2829
                                koshea@sulloway.com

                                Sig Sauer, Inc.
                                By Its Attorneys,
                                LITTLETON JOYCE UGHETTA &
                                KELLY LLP

Date: August 26, 2025                    By: /s/ Brian Keith Gibson
                                Brian Keith Gibson, Esq.,
                                Admitted *pro hac vice*
                                The Centre at Purchase
                                4 Manhattanville Road, Suite 202
                                Purchase, NY 10577
                                keith.gibson@littletonjoyce.com

                                Respectfully submitted,
                                Bernard Anderson, et al
                                By Their Attorneys,
                                DOUGLAS, LEONARD & GARVEY, P.C.

Dated: August 26, 2025                  By: /s/ Benjamin T. King
                                Benjamin T. King, Esq.
                                N.H. Bar No. 12888
                                14 South Street, Suite 5
                                Concord, NH 03301
                                benjamin@nhlawoffice.com

| | |
|---|---|
| Dated: August 26, 2025 | Bernard Anderson, et al<br>By Their Attorneys,<br>SALTZ MONGELUZZI & BENDESKY P.C.<br><br>By: /s/ Robert W. Zimmerman,<br>Admitted *pro hac vice*<br>Robert W. Zimmerman, Esq.<br>One Liberty Place, 52nd Floor<br>1650 Market Street<br>Philadelphia, PA 19103<br>rzimmerman@smbb.com |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) this day.

| | |
|---|---|
| Date: August 26, 2025 | By: /s/ Kevin M. O'Shea<br>       Kevin M. O'Shea |