## <u>PROPOSED STIPULATED PROTECTIVE ORDER</u>

The parties have agreed to the terms of this Protective Order; accordingly, it is **ORDERED**:

Upon compliance with Alabama law, specifically <u>*Alabama Code* § 11-98-12</u> and § 12.21 3.1(c), the attorneys for the parties to this lawsuit are permitted to obtain the subject Sig Sauer P320, all physical evidence, video footage, body camera footage, squad car footage, audio recordings and transcripts, photographs, and investigative reports detailing the circumstances, response, or other events related to an unintentional discharge of a Sig Sauer P320 occurring on February 7, 2023, involving Troy Adams. This Court finds that the right of the public to the release of the evidence outweighs the privacy interests of any person involved in the facts or circumstances relating to the February 7, 2023, unintentional discharge involving Troy Adams.

The documents and other information, including the substance and content thereof, designated by Birmingham Police Department (BPD), as confidential and produced by BPD in response to any formal or informal requests for discovery in the present litigation shall be subject to the terms of this Protective Order as set forth below:

1.      For purposes of this Protective Order, Confidential Information: means those documents, written responses or other material provided by BPD in response to any formal or informal discovery requests which BPD designates as confidential by so indicating with language reading "**CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER**" or with similar language.

2.      All Confidential Information shall be used for the purposes of this lawsuit only.

3.      The party issuing the subpoena shall produce a full and complete copy of the received documents to opposing counsel within 30 days of receipt.

4.    The parties to this litigation shall not divulge or otherwise disclose the substance or existence of the documents or other information designated as Confidential Information, or any copies, prints, or summaries thereof, to any entity or person except for the employees of the parties' counsel, experts and consultants employed by counsel in connection with the preparation and trial of this action, or insurance carriers for the defendants.

5.    Nothing in this Protective Order shall be deemed an admission on the part of any party as to the relevancy or admissibility of any Confidential Information at the trial of this case. However, the production of Confidential Information by BPD in response to requests for discovery in this litigation shall constitute an admission as to the authenticity of such materials which were generated in the ordinary course of business by BPD.

**6.**    Within 30 days of the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, the parties shall, upon request by counsel for BPD, destroy or return to counsel for BPD all Confidential Information.

**So Ordered,**

Date: 4/7/2026

_____
Joseph N. Laplante
United States District Judge